1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12  ERIC P. TALVENSARRI,            )     No. CV 08-4255-DDP(CW)
                                    )
13              Petitioner,         )     ORDER DISMISSING PETITION
                                    )     AS SUCCESSIVE
14       v.                         )
                                    )
15  F. GONZALEZ (Acting Warden),    )
                                    )
16              Respondent.         )
    _____)

17

18      The pro se petitioner is a prisoner in state custody pursuant to

19  a 1997 conviction in California Superior Court, Los Angeles County,

20  Case No. LA022473. [Petition ("Pet.") at 2.]  The present petition,

21  filed June 27, 2008, challenges a sentencing enhancement imposed in

22  the 1997 judgment.  Petitioner brought a prior habeas petition in this

23  court, Talvensarri v. Roe, No. CV 00-761-DDP(CW), which was denied and

24  dismissed with prejudice in a judgment entered May 12, 2003.[1]

25  _____

26      [1] In Case No. 00-761 the petitioner's name was given as "Erick"
    not "Eric."  However, records of the two cases show the same middle
27  name ("Paul"), the same CDCR identification number (K-39281), and the
    same Superior Court case number (LA022473), making it clear that this
28  is the same Mr. Talvensarri, and Petitioner has not disputed this.

                                    1

1   In an order filed July 9, 2008, in the present case, the court
2   ordered the parties to file briefs concerning whether the present case
3   should be dismissed as successive to No. CV 00-761. [Docket no. 4.]
4   Respondent's brief was filed on November 5, 2008. [Docket no. 11.]
5   Petitioner's reply was filed on November 26, 2008. [Docket no. 14.]
6   It is evident that the present petition is successive, and should be
7   summarily dismissed without prejudice.

8                                   **LEGAL STANDARD**

9   A new habeas petition under 28 U.S.C. § 2254, which challenges
10  the same state court judgment addressed in one or more prior § 2254
11  petitions, is a second or successive petition. A federal district
12  court may not consider a second or successive petition unless the
13  petitioner has first obtained an order from the proper federal circuit
14  court of appeals authorizing the district court to review the new
15  petition. See 28 U.S.C. § 2244(b)(3)(A). The court of appeals may
16  only authorize review of a second or successive petition in the
17  district court if the petitioner "makes a prima facie showing [to the
18  court of appeals] that the application satisfies the requirements of"
19  28 U.S.C. § 2244(b). See 28 U.S.C. § 2244(b)(3)(C); Felker v. Turpin,
20  518 U.S. 651, 657, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

21  "Generally, a new petition is 'second or successive' if it raises
22  claims that were or could have been adjudicated on their merits in an
23  earlier petition." Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir.
24  2001). A later petition by the same petitioner will not be successive
25  for purposes of § 2244(b), if, for example, the two petitions address
26  different state court judgments, or the prior petition was dismissed
27  without prejudice. See, e.g., In re Turner, 101 F.3d 1323, 1323 (9th
28  Cir. 1997).

2

## DISCUSSION

There is no indication, in the present case, that Petitioner has obtained an order from the court of appeals authorizing him to file a successive petition.  It is undisputed that the present petition raises a challenge to the sentence imposed in the 1997 judgment, and Petitioner has confirmed this in his reply.  [See docket no. 14.]

Petitioner was also in custody pursuant to the 1997 judgment at the time he filed the prior petition, No 00-761.  The 1997 sentence was based, in part, on a prior conviction in 1990 (also following a plea agreement).  The petition in No. CV 00-761 raised three claims, namely: (1) that the enhanced sentence in the 1997 judgment violated the plea agreement in petitioner's 1990 case; (2) that Petitioner received ineffective assistance of counsel in regard to his plea in the 1990 case; and (3) that Petitioner's plea in the 1990 case was invalid.  [See No. CV 00-761, docket no. 29, Report and Recommendation ("R&R") at 5, quoting Petitioner's First Amended Petition and Supporting Memorandum, No. CV 00-761, docket nos. 7, 8.]  Although all three claims raised in No. CV 00-761 referred to Petitioner's prior, 1990, conviction, at least two of the claims directly challenged the sentence imposed in the 1997 conviction.[2]  The court addressed those claims on their merits, and the petition was denied and dismissed with prejudice in a judgment entered May 12, 2003.  [No. CV 00-761, docket no. 32.]  This court and the Ninth Circuit also denied Petitioner's requests for a certificate of appealability.  [No. CV 00-761, docket nos. 35, 39.]

---

[2]  In No. CV 00-761, the court also noted that Petitioner could not directly challenge his 1990 conviction on which the sentence had fully expired before he filed that petition in this court.  [R&R at 8-9 and n.4.]

3

1        Thus, both Petitioner's prior and present petitions in this court
2   have challenged his 1997 state court judgment.   Furthermore, there is
3   no legal reason that the sole claim in the present petition (also a
4   challenge to the sentence in the 1997 judgment) could not have been
5   raised in the prior petition.   Accordingly, the present petition is a
6   second or successive petition under § 2244(b)(3)(A), and is subject to
7   dismissal without prejudice.   Petitioner may file a new petition in
8   this court if and only if he first obtains authorization from the
9   Ninth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

10                          **ORDERS**:

11        1.   It is **ORDERED** that judgment be entered dismissing the
12   petition as successive.

13        2.   The clerk shall serve copies of this order and the judgment
14   herein on the parties.

15

16   DATED:  May 11, 2010

17

18                                   _____
19                                        DEAN D. PREGERSON
                                     United States District Judge
20   Presented by:
     Dated:  February 26, 2010
21

22    /s/
     _____
23        CARLA M. WOEHRLE
     United States Magistrate Judge
24

25

26

27

28

                                    4